IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
MAR 1 4 2013
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

BROOKE BENNETT GUISINGER, )
)
Plaintiff, )
)
v. ) Case No. CIV-11-448-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Brooke Bennett Guisinger (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on November 7, 1981 and was 28 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a cashier and military personnel clerk. Claimant alleges an inability to work

3

beginning June 7, 2007 due to limitations resulting from migraines, a shoulder injury, arthritis in her knees, acute sleep apnea, bilateral carpal tunnel syndrome, diabetes, restless leg syndrome, periodic limb movement disorder, gastroesophageal reflux disease ("GERD"), high blood pressure, anxiety, depression, poor vision, and obesity.

**Procedural History**

On January 13, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On May 6, 2010, an administrative hearing was held before ALJ Gene M. Kelly in Tulsa, Oklahoma. On October 4, 2010, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on October 28, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work

with limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to protect Claimant's due process rights by failing to schedule a supplemental hearing; (2) failing to properly evaluate all of the medical evidence; (3) failing to provide a complete hypothetical to the vocational expert at step five; and (4) failing to perform a proper credibility assessment.

### Due Process Considerations

In his decision, the ALJ found Claimant suffered from the severe impairments of the shoulder, knees, hands, back, ankle, foot, and wrists, as well as arthritis, migraines, acute sleep apnea, liver, bilateral carpal tunnel syndrome, diabetes, restless leg syndrome, gastroesophageal reflux disease ("GERD"), anxiety, depression, affective mood disorder, vision, and obesity. (Tr. 13). He determined Claimant could perform light work except that she could lift/carry up to 20 pounds occasionally, 10 pounds frequently, stand/walk for 6 hours in an 8 hour workday, no more than 4 hours consecutively, sit for 6 hours in an 8 hour workday, no more than 4 hours consecutively, occasionally climb, bend, stoop, crouch, squat, and crawl.

Claimant was found to be unable to do any work requiring

operation of foot or lower extremity controls, requiring behind the back reaching, or requiring fine visual acuity. Claimant was unable to do any work on rough or uneven surfaces or operate around fast or dangerous machinery. She could not work in an atmosphere or environment of low light, noise, or temperature extremes. She could not perform work requiring intense exertional activity. Claimant needed easy access to latrine facilities.

Claimant was restricted to simple, routine repetitive work functions which did not require more than incidental rather than protected or intense interaction with the general public, co-workers, and supervisors. Claimant was found to be afflicted with symptomatology from a variety of sources that produced mild to moderate chronic pain of sufficient severity to be noticeable to the Claimant generally, but she none the less was able to be attentive and responsive in a work setting.

Claimant was found to be able to carry out normal work assignments satisfactorily within the noted limitations. She needed to changes positions intermittently. She took medications for relief from her symptoms but her medication regimen did not preclude Claimant from being reasonably attentive and alert to perform work functions with the noted limitations. (Tr. 16).

After consultation with a vocational expert, the ALJ

6

determined Claimant could perform the representative jobs of bench assembler and arcade attendant. (Tr. 19). The ALJ concluded Claimant as not disabled. (Tr. 19-20).

Claimant contends the ALJ should have conducted a supplemental hearing after he ordered post-hearing consultative examinations. At the conclusion of the administrative hearing on May 6, 2010, the ALJ stated that he was ordering a further consultative physical examination with assessment. He also ordered further x-rays of Claimant's hands, wrists, knees, lumbosacral spine, ankles, and left shoulder. He further found it necessary to conduct a electomyogram nerve conduction study on both hands and wrists and nerve conduction velocity study. (Tr. 69). The ALJ then transmitted the report of the consultative examiners to Claimant's attorney on August 17, 2010. The letter indicates that Claimant may request a supplemental hearing and that "[i]f you request a supplemental hearing, I will grant the request unless I receive additional records that support a fully favorable decision." (Tr. 226-27).

Consultative examinations were conducted by Dr. S. A. Chaudhry and Dr. Sri Reddy. Claimant requested a supplemental hearing on August 27, 2010 and lodged certain objections to the consultative reports within the same letter requesting the hearing. (Tr. 229-

30). The ALJ did not give Claimant a supplemental hearing prior to issuing his adverse decision on October 4, 2010.

The ALJ apparently believed that additional consultative examinations were necessary to complete the record. The ALJ has a duty to fully and fairly develop the record as to material issues. Baca v. Dept. of Health & Human Servs., 5 F.3d 476, 479-80 (10th Cir. 1993). To serve that end, the ALJ has broad latitude in ordering consultative examinations. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997). If a conflict in the medical evidence exists or if that evidence is inconclusive, a consultative examination may be required. Id. Having found a conflict or inconclusive evidence, the ALJ in this case ordered the consultative examinations.

Upon doing so, the ALJ informed Claimant she would receive a supplemental hearing if requested. The request was made and the basis for the request was indicated by counsel. Inexplicably, the ALJ then did not grant the request or reference the post-hearing examinations in his decision. (Tr. 11-20). The constitutional requirement for procedural due process applies to social security hearings. Yount v. Barnhart, 416 F.3d 1233, 1235 (10th Cir. 2005) citing Allison v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983). The Tenth Circuit has maintained in these cases that "[a]n ALJ's use of

a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report." Id. citing Allison, 711 F.2d at 147. This Court perceives that the converse is equally true. If the ALJ orders the reports, he effectively rejects them when he does not reference them in his decision. Some of the consultative examiners' findings supported Claimant's assertions of limitations which were not contained in the ALJ's RFC findings without explanation. (Tr. 1027). Either the ALJ has denied Claimant her due process rights or he ignored relevant, material evidence of impairment contained in the medical record. In either event, on remand the ALJ must grant the additional hearing to consider the consultative evidence, re-evaluate his decision in light of this additional medical evidence and explain his findings.

**Evaluation of the Medical Evidence**

Claimant contends the ALJ failed to consider the post-hearing consultative examinations. She also asserts the ALJ failed to assign weight to the various medical opinions in the record. As stated, the ALJ should have referenced the post-hearing examinations, either accepting or rejecting their findings and providing a basis for doing so once he ordered them. Other than by oblique suggestion through discussing them, the ALJ does not assign

weight to the medical opinions he relied upon or those he rejected in his decision. On remand, he shall fully develop this discussion in his decision.

Claimant also suggests the ALJ failed to fully consider the disability rating Claimant received from the Veterans Administration as well as the medical records from that agency. "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the VA's disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). The ALJ acknowledged Claimant's 60% disability rating from the Veterans Administration in his decision. (Tr. 17). He does not discuss the significance of that evaluation or whether he considered it at all. On remand, the ALJ shall fulfill his obligation to discuss the rating and the records of the Veterans Administration.

### Step Five Evaluation

Claimant contends the ALJ failed to account for all of her limitations in the hypothetical questioning of the vocational expert. A vocational expert's testimony can provide a proper basis

for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. Shepherd v. Apfel, 184 F.3d 1196, 1203 (10th Cir. 1999). However, "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990).

The ALJ's questioning of the vocational expert deviated from his RFC findings. The ALJ limited Claimant to no work requiring the operation of foot or lower extremity controls or requiring behind the back reaching in arriving at Claimant's RFC. (Tr. 16). His questioning of the vocational expert, however, allowed for occasional operation of foot controls and reaching behind the back. (Tr. 62). This discrepancy renders the reliance upon the vocational expert's testimony improper. On remand, the ALJ shall precisely mirror Claimant's limitations in his questioning of the vocational expert.

The ALJ shall also consider any limitations arising from the

opinions of the post-hearing consultative examiners and include any such limitations in his questioning of the vocational expert.

## Credibility Assessment

Because the ALJ has not properly considered the medical evidence in the record, his credibility findings are suspect. Namely, the ALJ makes the rote assessment that Claimant's impairments could reasonably be expected to cause the alleged symptoms and that the statements as to intensity, persistence and limiting effects are not credible "to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 18). This reverse analysis - rejecting credibility based upon an already determined RFC - is flawed and the use of this boilerplate language should come to an end. Claimant's credibility should be considered in arriving at an RFC not after the RFC has already been determined. On remand, the ALJ shall properly consider Claimant's credibility as a part of the RFC assessment.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE